UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.: 1:25-cv-14985

ADAM COHEN,

        Plaintiff,

v.

LIGHTNING PROTECTION INSTITUTE,

        Defendant.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

### (INJUNCTIVE RELIEF DEMANDED)

Plaintiff ADAM COHEN by and through it undersigned counsel, brings this Complaint against Defendant LIGHTNING PROTECTION INSTITUTE for damages and injunctive relief, and in support thereof states as follows:

### SUMMARY OF THE ACTION

1. Plaintiff ADAM COHEN ("Cohen") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §106, to copy and distribute Cohen's original copyrighted Works of authorship.

2. Adam studied, assisted and worked as a photographer in manhattan, where he resided for 15 years. His early focus was on landscapes, which evolved into a love of architectural photography. He has been published in "Architectural Record" and many other magazines. A small collection of his homeless portraits were published in "wig." magazine: a fine art semi annual periodical whose circulation spans the United States, Europe, and Asia. Adam specializes in architectural and commercial photography.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

3. Defendant LIGHTNING PROTECTION INSTITUTE ("LPI") is is a national organization that leads the way in establishing the standards and guidelines for the design, installation, and inspection of lightning protection systems..  At all times relevant herein, LPI operated the Facebook Page located at the URL https://www.facebook.com/lightningprotectioninstitute/ (the "LPI Facebook Page").

4. Cohen alleges that LPI copied Cohen's copyrighted Works from the internet in order to advertise, market and promote its business activities.  LPI committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the LPI's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. LPI is subject to personal jurisdiction in Illinois.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, LPI engaged in infringement in this district, LPI resides in this district, and LPI is subject to personal jurisdiction in this district.

## DEFENDANT

9. Lightning Protection Institute is an Illinois Corporation, with its principal place of business at 333 Peterson Road, Suite F, Libertyville, IL, 60048-1085, and can be served by serving its Registered Agent, Tim Hager, 333 Peterson Street, Suite F, Libertyville, Illinois 60048.

**THE COPYRIGHTED WORKS AT ISSUE**

10. The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, one of which is shown below, and which are referred to herein as the "Works." Copies of the Works are attached hereto as **Exhibit 1**. A copy of the Registration Certificate is attached hereto as **Exhibit 2**.

| Title | Registration Date | Registration Number |
|---|---|---|
| EMI-TOC_EXT_IMG-4 | July 01, 2020 | VAu 1-401-690 |
| EMI-TOC_EXT_IMG-10-G | July 01, 2020 | VAu 1-401-690 |
| EMI-TOC_EXT_IMG-18 | July 01, 2020 | VAu 1-401-690 |
| EMI-TOC_EXT_IMG-9-G | July 01, 2020 | VAu 1-401-690 |
| EMI-TOC_EXT_IMG-6-G | July 01, 2020 | VAu 1-401-690 |



11. At all relevant times Cohen was the owner of the copyrighted Works.

## INFRINGEMENT BY LPI

12. LPI has never been licensed to use the Works for any purpose.

13. On a date after the Works at issue in this action were created, but prior to the filing of this action, LPI copied the Works.

14. On or about December 12, 2024, Cohen discovered the unauthorized use of it Works on the LPI Facebook Page.

15. LPI copied Cohen's copyrighted Works without Cohen's permission.

16. After LPI copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its lightning protection business.

17. LPI copied and distributed Cohen's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

18. LPI committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 3**.

19. Cohen never gave LPI permission or authority to copy, distribute or display the Works for any purpose.

20. Cohen notified LPI of the allegations set forth herein on February 13, 2025 and March 05, 2025. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

21. Cohen incorporates the allegations of paragraphs 1 through **Error! Reference source not found.** of this Complaint as if fully set forth herein.

22. Cohen owns valid copyrights in the Works.

23. Cohen registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

24. LPI copied, displayed, and distributed the Works and made derivatives of the Works without Cohen's authorization in violation of 17 U.S.C. § 501.

25. LPI performed the acts alleged in the course and scope of its business activities.

26. Defendant's acts were willful.

27. Cohen has been damaged.

28. The harm caused to Cohen has been irreparable.

WHEREFORE, the Plaintiff ADAM COHEN prays for judgment against the Defendant LIGHTNING PROTECTION INSTITUTE that:

    a. LPI and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. LPI be required to pay Cohen it actual damages and Defendant's profits attributable to the infringement, or, at Cohen's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Cohen be awarded it attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Cohen be awarded pre- and post-judgment interest; and

    e. Cohen be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Cohen hereby demands a trial by jury of all issues so triable.

SRIPLAW

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

Dated: December 10, 2025

Respectfully submitted,

*/s/ J. Campbell Miller*
J. CAMPBELL MILLER
Illinois Bar Number: 6345233
campbell.miller@sriplaw.com

**SRIPLAW, P. A.**
742 South Rangeline Road
Carmel, Indiana 46032
332.600.5599 – Telephone
561.404.4353 – Facsimile

and

JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433

*Counsel for Plaintiff Adam Cohen*